IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGINALD FUNCHES,

    Plaintiff,

v.

DANE COUNTY JAIL
MEDICAL STAFF,

    Defendants.

OPINION AND ORDER

Case No. 19-cv-992-wmc

*Pro se* plaintiff Reginald Funches filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendant, the Dane County Jail Medical Staff, violated his constitutional rights in giving him the wrong medication. Since Funches is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether he may proceed with the case. While Funches is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit nonetheless is subject to dismissal.

OPINION

Plaintiff's complaint contains just one allegation: the nurses at the jail gave him the wrong medication in the middle of May and June (presumably of 2019), and he did not know why they did that. His lawsuit is subject to dismissal for two reasons.

*First*, the only identified defendant -- the jail medical staff -- may not be sued under § 1983 because a department within a jail or prison is not a proper defendant under this status. *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) (noting that "a

1

police department is not a suable entity under § 1983"); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Accordingly, "Dane County Jail Medical Staff" must be dismissed with prejudice.

*Second*, even if plaintiff had identified proper defendants, his allegations do not support constitutional claims, at least as currently pled. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court infers that plaintiff was a pretrial detainee at the time he allegedly received the wrong medication. In *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit concluded that medical care claims of pretrial detainees are governed by the due process clause of the Fourteenth Amendment, and that the standard is whether the defendant's actions were objectively unreasonable given the circumstances. *Id.* at 352-53; *see also Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). Therefore, under *Kingsley* and *Miranda*, the failure to provide medical care violates the Due Process Clause if: (1) the defendant acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendant's conduct was objectively unreasonable. *Miranda*, 900

F.3d at 352-53. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

While plaintiff claims that the medical staff gave him the wrong medication, he has failed to allege any details about what medication he was supposed to receive, the nature of his medical condition or whether any of the medical staff actually knew, or had reason to know, that plaintiff was receiving the wrong medication. His failure to provide any of this information precludes a reasonable inference that any of the medical staff at the jail handled his need for medical care in an objectively unreasonable fashion. Without more information about what jail staff either knew or failed to do, the court cannot infer that they acted unreasonably.

For these reasons, the court is dismissing plaintiff's complaint, but will give him a short window of time in which to file an amended complaint. In crafting it, plaintiff must draft his amended complaint considering the principles and standards laid out above, and write it as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what specific rights were violated; (3) who committed each act; and (4) what relief he wants the court to provide. If plaintiff fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Reginald Funches' complaint is DISMISSED without prejudice.

2. Plaintiff may have until **May 31, 2021, to submit an amended complaint that complies with Rule 8.**

3. The Dane County Jail Medical Staff are DISMISSED with prejudice.

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge